# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**RETCNICK FAUSTEN,**
**D.O.C. # W16862,**

    **Plaintiff,**

vs.                          Case No. 4:19cv600-MW-MAF

**AT&T SERVICES, INC., et al.,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

    Plaintiff, proceeding pro se, has filed an amended complaint, ECF No. 14, asserting a state law claim for negligence which occurred prior to Plaintiff's incarceration. Plaintiff's amended complaint contends that there are three Defendants in this action, two of which are located outside of the State of Florida. One Defendant, BellSouth Telecom, is listed as a Florida resident. Because Plaintiff is also a resident of the State of Florida, there is not complete diversity between the parties.

    This Court has authority to adjudicate state law claims where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). However,

diversity jurisdiction is properly invoked only in cases where there is complete diversity of citizenship between all plaintiffs and all defendants. 28 U.S.C. § 1332(a)(1); Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806), overruled on other grounds, 43 U.S. (2 How.) 497, 11 L.Ed. 353 (1844); Vermeulen v. Renault, U.S.A., Inc., 985 F.2d 1534, 1542 (11th Cir. 1993); Cabalceta v. Standard Fruit Co., 883 F.2d 1553, 1557 (11th Cir. 1989). Every plaintiff must be diverse from every defendant. Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998) (citing Tapscott v. MS Dealer Service Corp., 77 F.3d 1353, 1355 (11th Cir. 1996)). "Thus the presence of at least one resident of a particular state on both sides of the litigation destroys diversity jurisdiction." Olsen v. Lane, No.93-826-CIV-T-17A, 1994 WL 151046 (M.D.Fla. Apr. 11, 1994).

Plaintiff alleges that he is a resident of the State of Florida, as is another Defendant - BellSouth Telecom. ECF No. 14 at 2-3. Thus, diversity jurisdiction does not exist and this case should be dismissed.

**Recommendation**

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's amended complaint, ECF No. 14, be **DISMISSED** for lack of subject matter jurisdiction.

**IN CHAMBERS** at Tallahassee, Florida, on May 18, 2020.

     s/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**